

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50405 | DATE | 11/6/2003 |
| CASE TITLE | Taylor vs. Meyers | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendant's motion to dismiss and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | NOV 14 2003 date docketed | 13 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 2003 NOV -6 PM 4:28 | 11-6-03 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | CR mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Charles B. Taylor ("Taylor"), an inmate at Winnebago County Jail, has brought this pro se civil rights action pursuant to 42 U.S.C.§ 1983. Taylor alleges he has not been allowed to practice Islamic services, violating his constitutional right to engage in the fundamental practice of his religion of choice and his right to freedom of religion. Additionally, he alleges various deprivations attendant with living conditions at Winnebago County Jail, including, but not limited to, being forced to sleep on the floor, poor sanitation, and being exposed to various diseases and illnesses due to inmates not being tested before being placed in proximity with other inmates.

Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391. Before the court is defendant Richard A. Meyers' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant contends the claims set forth in plaintiff's complaint are barred by the doctrine of res judicata because plaintiff previously filed a suit against defendant in November 2001 (No. 01C50403) which was dismissed for want of prosecution on August 6, 2002.

Three elements are required before res judicata will be applied to a claim: (1) a previous, final judgment, on the merits, by a court of competent jurisdiction which (2) involves the same causes of action between (3) the same parties or their privies. Licari v. City of Chicago, 298 F.3d 664, 666 (7th Cir. 2002). In this case, the dismissal of plaintiff's original complaint ("Taylor I") "for want of prosecution under Fed. R. Civ. P. 41(b) was a 'final judgment on the merits' for res judicata purposes." Kimmel v. Tex. Commerce Bank, 817 F.2d 39, 41 (7th Cir. 1987); see also Green v. IDOT, 609 F.Supp 1021, 1024 (N.D. Ill. 1985). Additionally, both complaints name identical parties. Hence, the critical issue is whether both complaints involve the same causes of action.

"A cause of action consists of a single core of operative facts which give the plaintiff a right to seek redress for the wrong concerned." Green v. IDOT, 609 F.Supp 1021, 1024 (N.D. Ill. 1985) (quoting Lee v. City of Peoria, 685 F.2d 196, 200 (7th Cir. 1982)). This circuit utilizes the "same transaction" test to determine the scope of a cause of action. Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir. 1986). "Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." Id. "Therefore, prior litigation acts as a bar not only to those issues which were raised and decided in the earlier litigation but also to those issues which could have been raised in that litigation." Id. (emphasis in original) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)).

Plaintiff concedes that both Taylor I and Taylor II involve claims which are similar. However, plaintiff urges that this cause of action does not arise from the same core of operative facts because he bases his claims in Taylor II on "facts and circumstances arising during the thirty-seven day period between when Taylor I was dismissed and when plaintiff signed the complaint in Taylor II on September 12, 2002." Although plaintiff cites no authority for his claim, there is Supreme Court precedent which "stand[s] for the proposition that, res judicata will not bar a subsequent suit based upon the same course of conduct as a prior suit if the second suit alleges wrongful behavior occurring after judgment in the first suit." Williams v. Gillette Co., 887 F.Supp. 181, 184 (N.D. Ill. 1995); see Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322 (1955). Accordingly, "[a] continuing course of conduct by a defendant, even if related to conduct complained of in an earlier suit, generally creates a separate cause of action." Green, 609 F.Supp. at 1024.

This continuing course of conduct exception is generally limited to claims for conduct occurring subsequent to a first judgment. See Lawlor, 349 U.S. at 328. This district has, however, narrowed the continuing course of conduct exception in cases seeking injunctive relief.. In Green, the court held that where the granting of an injunction in an initial action would have stopped the complained-of conduct beyond the date of judgment, the plaintiff is seeking a second chance to litigate the same conduct he complained of initially, even though he had a full and fair chance to obtain complete relief. Green, 609 F.Supp. at 1026. "This is precisely what the doctrine of res judicata is meant to prevent." Id. The court found the plaintiff's request for injunctive relief was therefore barred, despite a continuing course of conduct by defendant. Pursuant to the above reasoning, the defendant's request for motion to dismiss as to plaintiff's injunctive relief is therefore granted.

As to plaintiff's remaining claims for damages, this circuit has also recognized the general policy elucidated by Wright & Miller's Federal Practice & Procedure that "it may be appropriate to apply claim preclusion to conduct that the parties reasonably should expect to continue without change." 18 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Jur.2d, ¶ 4409 (2d ed. 2002). This is in keeping with the rule as set forth by the Supreme Court that "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have* been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980) (emphasis added).

Irrespective of the claim in plaintiff's answer to defendant's motion to dismiss that Taylor II refers only to the thirty-seven days between the date of judgment on Taylor I and the signing of the complaint in Taylor II, it is clear from the face of the complaint that plaintiff considers his claim to cover conduct which occurred prior to the judgment in Taylor I, and even prior to its filing. In his complaint, when referring to the allegation that he has been denied the right to practice his religion, plaintiff states, "[s]ince March of 2002, [p]laintiff has requested Jum'ah prayer on [F]ridays from Sherriff [sic] Meyer and Major Houi." Additionally, when plaintiff refers to the allegations concerning his living conditions, plaintiff asserts, "[u]pon arriving at Winnebago County Jail, I was assigned to sleep on the floor by Major Houi." Both statements show plaintiff's cause of action refers to conduct which occurred prior to the judgment in Taylor I. The issue of this conduct, therefore, could have been raised in Taylor I and was also conduct that plaintiff reasonably should have expected to continue without change. His claims, therefore, are barred by res judicata.

For the foregoing reasons, plaintiff's remaining claims for damages are also barred by res judicata, defendant's motion to dismiss is granted, and this cause is dismissed in its entirety..